GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
eolsen@gordonsilver.com
BRIGID M. HIGGINS
Nevada Bar No. 5990
bhiggins@gordonsilver.com
JEFFREY L. HULET
Nevada Bar No. 10621
jhulet@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
(702) 796-5555

Louis W. Diess, III (*Pro hac vice* application to be filed)
ldiess@mccarronlaw.com
McCarron & Diess
4530 Wisconsin Ave., N.W., Suite 301
Washington, D.C.  20016
(202) 364-0400
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| A.S.A. PRODUCE CO., INC., | CASE NO. 2:10-CV-00456-PMP-LRL |
| Plaintiff, | **ORDER EXTENDING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| vs. | |
| SUPERMERCADO DEL PUEBLO, t/a MERCADO DEL PUEBLO; and ARACELICA PAREDES, | |
| Defendants. | |

This matter originally came before the Court on April 5, 2010, upon Plaintiff A.S.A. Produce, Inc.'s ("Plaintiff") Ex Parte Application for Temporary Restraining Order and for an Order to Show Cause Re Preliminary Injunction (the "Application") pursuant to Rule 65 of the Federal Rules of Civil Procedure ("FRCP").  Pursuant to FRCP 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102425-001/884211

1 of 4

1  attorney certifies the reasons that notice should not be required.

2  In this case, it appeared to the Court, upon review of the papers and pleadings submitted
3  to the Court, including the declaration of Plaintiff's representative, that Plaintiff is a produce
4  creditor of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act
5  (PACA), 7 U.S.C. §499e(c), and had not been paid for produce in the amount of $155,481.43
6  supplied to Defendants, as required by the PACA.  It also appeared that Defendants are in severe
7  financial jeopardy and are dissipating PACA trust assets, as evidenced by Defendants'
8  notification to Plaintiff that Defendants do not have sufficient funds to pay Plaintiff, which is in
9  direct violation of the PACA.  As a result, it appeared that the PACA trust assets are threatened
10 with dissipation. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Taminura &*
11 *Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3rd Cir. 2000).

12 If notice had been given to Defendants of the pendency of the Application, trust assets
13 belonging to Plaintiff could have been further dissipated before the Application was ruled-upon.
14 Once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543,
15 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  *J.R.*
16 *Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989);
17 *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, *supra*.  Entry of the April 5, 2010 Order
18 without notice assured retention of the PACA trust assets under the control of the Court, which is
19 specifically vested with jurisdiction over the trust.  7 U.S.C. §499e(c)(5).  In accordance with
20 Rule 65(b)(2), the Plaintiff's attorney has certified why notice should not have been required.

21 As a result of the Court's consideration of the Application and the supporting documents,
22 the Court granted the ex parte request for a temporary restraining order, ordered service of all
23 papers and pleadings on the Defendants by 4:00 p.m. April 6, 2010, and further ordered that a
24 hearing regarding the temporary restraining order occur at 4:00 p.m. on April 7, 2010, whereby
25 the Temporary Restraining Order would either expire or be extended.

26
27
28

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102425-001/884211

1   Defendants, through no fault of Plaintiff, were not served with the papers and pleadings
2   in this case until approximately 12:09 p.m. today, April 7, 2010. Thus, given the lateness of
3   service, the Court considers the extension of the Temporary Restraining Order under the criteria
4   for issuance of ex parte orders under the authorities cited.

5   The Court finds and concludes that the rationale for granting the original Temporary
6   Restraining Order on April 5, 2010 continues to apply, thereby warranting the extension of the
7   Temporary Restraining Order past today's date.

8   Based on the foregoing, the Court finds that Plaintiff will suffer immediate irreparable
9   injury in the form of a loss of trust assets unless extension of the Temporary Restraining Order is
10  granted. Therefore, it is, pursuant to Rule 65(b), by the United States District Court for the
11  District of Nevada,

12  **ORDERED**, that the Temporary Restraining Order issued and entered by the Court on
13  April 5, 2010 (Doc. No. 14) is hereby extended and shall be in full effect until it shall expire on
14  April 15, 2010. Nonetheless, pursuant to Rule 65(b)(4), Defendants may, at any time prior to
15  April 15, 2010, file an emergency motion to dissolve the Temporary Restraining Order on two
16  (2) days' notice to Plaintiff—or on shorter notice as set by the Court;

17  **IT IS FURTHER ORDERED** that the above-named Defendants appear in Courtroom
18  7C of the U.S. District Court for the District of Nevada, 333 Las Vegas Blvd. South, Las
19  Vegas, Nevada on April 15, 2010, at 9:30 a.m., to show cause why an order
20  should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure restraining and
21  enjoining the Defendants, their customers, agents, officers, factors, subsidiaries, assigns, and
22  banking institutions, during the pendency of this action, from alienating, dissipating, paying over
23  or assigning any assets of Defendant Supermercado Del Pueblo, t/a Mercado Del Pueblo or its
24  subsidiaries or related companies except for payment to Plaintiff until further order of this Court,
25  or until Defendants pay to Plaintiff the sum of $155,481.43 by cashiers' check or certified check,
26  at which time this Order is dissolved;
27  . . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102425-001/884211

1  **IT IS FURTHER ORDERED** that bond shall be waived in view of the fact that
2  Defendants now hold $155,481.43 worth of Plaintiff's assets;

3  **IT IS FURTHER ORDERED** that service of a copy of this Order and annexed
4  declaration by personal service upon the Defendants or their counsel on or before
5  April 9, 2010, at 4:00 p.m.            ., shall be deemed good and sufficient service
6  thereof; that Defendants shall file any Opposition to Plaintiff's Application for Preliminary
7  Injunction on or before April 13, 2010, and shall personally serve Plaintiff's counsel with
8  a copy of any such opposition by the same deadline.  Plaintiff shall file and serve on Defendants
9  a Reply to any Opposition filed by Defendants on or before April 14, 2010.

IT IS SO ORDERED:

*[signature]*

UNITED STATES DISTRICT JUDGE

DATED: April 7, 2010

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102425-001/884211